1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL E. WILLIAMS,

11          Plaintiff,                    No. CIV S-07-2461 WBS DAD P

12      vs.

13   MICHAEL D. FOX, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

2

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

3  (1969).

4           The Civil Rights Act under which this action was filed provides as follows:

5           Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the

6           deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at

7           law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15           Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of respondeat superior and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22  Cir. 1982).

23           In the present case, plaintiff has identified as defendants Dr. Michael D. Fox,

24  Medical Director at Deuel Vocational Institution, and Mr. Mullar Street, P.A.E. at Deuel

25  Vocational Institution.

26  /////

1    Plaintiff alleges:

2    I have been at D.V.I. since (6-22-07).  I have a slip (sic) disc and a
     dislocated lumbar.  I have requested a M.R.I. and that I receive
3    stronger pain medication to alleviate my pain.  However my
     request has been ignored.  I also have requested to see an eye
4    doctor because I'm having blurred vision and the sunlight hurts my
     eyes badly.  None of my requests ha[ve] been met.  However I did
5    receive (back brace) and no cane which I did request for one of my
     legs goes out on me from time to time and it's a great help to me.

6

7    (Compl. at 8.)  Plaintiff requests $1.5 million dollars in damages.  In addition, he wants to view

8    his doctors' medical licenses.  (Id.)

9         The allegations in plaintiff's complaint are so vague and conclusory that the court

10   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

11   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

12   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

13   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

14   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

15   with at least some degree of particularity overt acts which defendants engaged in that support his

16   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

17   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

18   amended complaint.

19         If plaintiff files an amended complaint, he is advised that in Estelle v. Gamble,

20   429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute

21   cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

22   of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit

23   has held that before it can be said that a prisoner's civil rights have been abridged, "the

24   indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

25   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

26   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

4

1    In addition, plaintiff is advised that he must allege facts demonstrating how

2 defendants' actions rose to the level of "deliberate indifference."  Plaintiff must allege in specific

3 terms how defendants Fox and Street were involved in the denial of his medical care.  Plaintiff's

4 original complaint fails to allege any specific causal link between the actions of the named

5 defendants and the claimed constitutional violations.  There can be no liability under 42 U.S.C.

6 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

7 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

8 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

9 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

10 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11    Plaintiff is informed that the court cannot refer to a prior pleading in order to

12 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

13 complaint be complete in itself without reference to any prior pleading.  This is because, as a

14 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

15 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

16 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

17 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's November 15, 2007 application to proceed in forma pauperis is

20 granted.

21    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22 The fee shall be collected and paid in accordance with this court's order to the Director of the

23 California Department of Corrections and Rehabilitation filed concurrently herewith.

24    3.  Plaintiff's complaint is dismissed.

25    4.  Plaintiff is granted thirty days from the date of service of this order to file an

26 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

2   docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

3   amended complaint in accordance with this order will result in a recommendation that this action

4   be dismissed without prejudice.

5   DATED: December 12, 2007.

6

7

8                             DALE A. DROZD
                            UNITED STATES MAGISTRATE JUDGE

9   DAD:9
  will2461.14a

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26