1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL E. WILLIAMS,

11              Plaintiff,                   No.  CIV S-07-2461 WBS DAD P

12        vs.

13   MICHAEL D. FOX, et al.,

14              Defendants.              ORDER

15   _____/

16              On September 19, 2008, this court issued an order requiring plaintiff and

17   defendants to each submit to the court and serve by mail on all other parties a status report.

18   Having not received a timely status report or other response to the court's order from plaintiff,

19   the court issued findings and recommendations, recommending dismissal of this action.

20              On November 14, 2008, plaintiff filed timely objections to the court's findings

21   and recommendations.  Therein, he requests appointment of counsel because the individual who

22   was previously assisting him is no longer available to help him.  He claims that he performs at a

23   grade level of 3.3 and has also had difficulty accessing the prison law library.  Good cause

24   appearing, the court will vacate its findings and recommendations and grant plaintiff an

25   /////

26   /////

additional thirty days to file a status report.[1]  However, plaintiff is advised that the United States

Supreme Court has ruled that district courts lack authority to require counsel to represent

indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

(1989).  In certain exceptional circumstances, the district court may request the voluntary

assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

(9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's

likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of

counsel.  In the present case, the court does not find the required exceptional circumstances.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  The court's November 5, 2008 findings and recommendations are vacated;

        2.  Plaintiff is granted thirty days from the date of this order to file and serve a

status report.  Defendants shall file and serve a status report within thirty days thereafter.  The

parties are advised that failure to file a status report in accordance with this order may result in

/////

---

[1]  The status report must address ten topics: (1) Whether this matter is ready for trial and, if not, why not; (2) Whether additional discovery is deemed necessary and, if so, the nature and scope of the discovery and the time needed in which to complete it; (3) Whether a pretrial motion is contemplated and, if so, the type of motion and the time needed to file the motion and complete the time schedule set forth in Local Rule 78-230(m); (4) A narrative statement of the facts that will be offered by oral or documentary evidence at trial; (5) A list of all exhibits to be offered into evidence at the trial of the case; (6) A list of the names and addresses of all witnesses the party intends to call; (7) A summary of the anticipated testimony of any incarcerated witnesses; (8) The time estimated for trial; (9) Whether either party still requests trial by jury; and (10) Any other matter, not covered above, which the party desires to call to the attention of the court.

1    the imposition of sanctions, including dismissal of the action or preclusion of issues or

2    witnesses; and

3                    3.  Plaintiff's November 14, 2008 request for appointment of counsel (Doc. No.

4    22) is denied.

5    DATED: November 25, 2008.

6

7

8    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

9    DAD:9
     will2461.40(2)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26